UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JUNIUS PATTERSON, ET AL. | * | CIVIL ACTION |
| VERSUS | * | NO. 23-1162 |
| ALLIED TRUST INSURANCE COMPANY | * | SECTION "R" (2) |

## ORDER AND REASONS

Before me is Defendant Allied Trust Insurance Company's Motion to Opt Out of Streamlined Settlement Program.  ECF No. 9.  Although Defendant's Motion indicates that Plaintiffs oppose the opt-out, Plaintiffs did not file an Opposition Memorandum.  *See* ECF No. 9-1 at 2.  Although the Court has authority to grant a motion as unopposed, it is not required to do so.[1]  No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant's  motion (ECF No. 9) is DENIED for the reasons stated herein.

## I.    BACKGROUND

Plaintiffs Junius and Alaina Patterson filed this Hurricane Ida suit against Defendant Allied Trust Insurance Company in accordance with 28 U.S.C. § 1332 alleging that Defendant violated its statutory obligations under Louisiana law by failing to timely make a written offer to settle Plaintiffs' property damage claim or timely pay same, thus breaching the insurer's duty of good faith and fair dealing and entitling Plaintiffs to statutory penalty and contractual and extra-contractual damages.  ECF No. 1 ¶¶ 15, 20.  After filing its answer on May 24, 2023, Defendant

---

[1] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

1

timely moved to opt out of the EDLA's Hurricane Ida Streamlined Settlement Program.  ECF Nos. 8, 9.

Defendant argues that the opt-out is warranted because the parties need to conduct traditional discovery in advance of the mediation/settlement efforts set forth in the CMO's SSP provisions.  ECF No. 9-1 at 1. Specifically, Defendant asserts that, because Plaintiffs have alleged that they are entitled to amounts over and above prior payments made to them in the adjustment and appraisal process, investigation beyond initial disclosures, including written discovery and depositions, will be necessary.  *Id*. at 2-3.  Defendant thus avers that opting out of the SSP will allow the parties to fully evaluate the case, increase the likelihood of a successful mediation after same, and will not unduly delay any further proceedings in this matter.  *Id*. at 3.

## II.   LAW AND ANALYSIS

On August 26, 2022, this Court adopted Case Management Order ("CMO") No. 1 to govern Hurricane Ida claims.  CMO #1 includes provisions for certain mandatory initial disclosures as well as a streamlined settlement program ("SSP") that requires parties to engage in informal settlement conferences as well as court-ordered mediation.  *See* Sections 1, 3.  Although parties may not opt out of the mandatory initial disclosures set forth in Section 1, they may seek to opt-out of the SSP in Section 3 upon a showing of good cause.  *See* Section 3.

The CMO does not define the term "good cause."

This Court has found good cause to opt-out of the SSP when the parties agreed that the governing policy contained a mandatory arbitration provision enforceable under the Convention of the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. §§ 201-09.[2]  This case, however, does reflect any facts that would justify a finding of good cause to

---

[2] *See Dupuy Storage and Forwarding, LLC v. Certain Underwriters at Lloyd's*, Civ. No. 22-4546 (E.D. La. Dec. 16, 2022) (citing *McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 430–31 (5th Cir. 2019), *as*

opt-out of the SSP.  Defendant has not cited, nor has this Court located, any cases in support of its position that a desire to conduct more thorough discovery constitutes good cause to deviate from the Court's SSP.  While "full discovery" may assist the parties to calculate discrete damage amounts, the appraisal amount disputes identified by Defendant can be addressed and factored into the analysis during the SSP.  Should the parties' early settlement efforts prove unavailing, further discovery can be conducted through the normal course of litigation thereafter.

## III.  **CONCLUSION**

For the foregoing reasons, Defendant has not established good cause to opt-out of the governing CMO or SSP.  Accordingly, IT IS ORDERED that Defendant's Motion to Opt Out of Streamlined Settlement Program (ECF No. 9) is DENIED.

New Orleans, Louisiana, this _____30th_____ day of June, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

*revised* (June 6, 2019) (citing La. Rev. Stat. § 22:868(A)(2); *Doucet v. Dental Health Plans Mgmt. Corp.*, 412 So. 2d 1383, 1384 (La. 1982) (holding that classification of a contract as an insurance contract renders the arbitration provisions unenforceable under § 22:868)); *City of Kenner v. Certain Underwriters at Lloyd's London*, No. 22-2167, 2022 WL 16961130, at *2 (E.D. La. Nov. 16, 2022) (Vance, J.) (citation omitted).